UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25796-DSW

YSIDRA LOPENZA,

        Plaintiff,

vs.

PETROLEOS DE VENEZUELA, S.A.,
*et al.*,

        Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION IN LIMINE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER TO SEAL TRUE IDENTITY

**THIS CAUSE** is before the Court on Plaintiff Ysidra Lopenza's ("Plaintiff") Motion in Limine to Proceed by Pseudonym and for Protective Order to Seal True Identity ("Motion"), [ECF No. 3]. Defendant CITGO Petroleum Corporation ("CITGO") opposed Plaintiff's Motion, [ECF No. 10], and Plaintiff did not file a Reply. Upon consideration of the parties' filings and a review of the record, Plaintiff's Motion, [ECF No. 3], is **DENIED**, as set forth below.

### I. BACKGROUND

Plaintiff filed this action under seal against Defendants Petroleos de Venezuela, S.A. ("PDVSA"), a Venezuelan state-owned oil and gas company; PDVSA's ad hoc board of directors ("Ad Hoc PDVSA Board"); and CITGO, a PDVSA subsidiary. *See* [ECF No. 1]. Plaintiff moves to proceed under the pseudonym "Ana Mendez" and asks the Court to enter a protective order sealing her identity and address in all public docket entries. *See* [ECF No. 3]. Plaintiff seeks anonymity because disclosure of her identity would place her and her family members, who

1

currently reside in Venezuela, in imminent danger of physical harm, kidnapping, or imprisonment by the Venezuelan regime's security forces. [*Id.* at 2].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" *See In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings.") (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Rule 10(a) "does not merely further administrative convenience— '[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id.* (alteration in original) (quoting *Frank,* 951 F.2d at 323). Therefore, there is a strong presumption in favor of parties proceeding in their own names. *Id.* at 2.

Ultimately, "[i]t is within a court's discretion to allow a plaintiff to proceed anonymously." *Doe v. Swearingen,* No. 18-CV-24145, 2019 WL 95548, at *1 (S.D. Fla. Jan. 3, 2019) (citing *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996)). The Eleventh Circuit has established a totality of the circumstances test to determine whether a plaintiff may proceed anonymously. *See In re Chiquita Brands Int'l, Inc.,* 965 F.3d at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315–16). The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316).

The first step involves evaluating three prongs, whether the plaintiff: "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted). No single factor is necessarily dispositive. *See Frank*, 951 F.2d at 323; *see also Freedom from Religion Found., Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) ("No one factor is 'meant to be dispositive;' rather, it is the court's task to 'review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'") (quoting *Francis*, 631 F.3d at 1316).

### III. DISCUSSION

**A.   The Relevant Factors Weigh Against Anonymity.**

Several of the factors do not appear to be implicated here. Although Plaintiff's Complaint references conduct by the Venezuelan government and related entities, Plaintiff does not rely on the first prong concerning a challenge to governmental activity in her Motion. Nonetheless, the Complaint highlights that this action seeks damages for past alleged harms—namely, wrongful termination, nonpayment of severance benefits, blacklisting, and misuse of pension funds—rather than prospective relief directed at governmental conduct. [ECF No. 1 at 7-12]. Nor does the Complaint suggest that proceeding in Plaintiff's own name would require disclosure of information of the utmost intimacy or an admission of intended illegal conduct exposing Plaintiff to criminal prosecution, as contemplated by the second and third factors.

3

Plaintiff's request for anonymity rests on her assertion that proceeding in her true name would expose her and family members residing in Venezuela to a risk of physical harm. *See generally* [ECF No. 3 at 2]. She asserts that public identification would place them in imminent danger of physical harm, kidnapping, or imprisonment by Venezuelan security forces. [*Id.* at 3-4]. Plaintiff relies on an action, in the District of Delaware, *Freites C. v. Bolivarian Republic of Venezuela*, No. 23-989 (D. Del.) ("Related Action"), against three of the same defendants in this case, which similarly concerns the termination and alleged persecution of a former PDVSA employee, as evidence of objective danger. [*Id.*]. There, the District of Delaware permitted several plaintiffs to proceed under pseudonyms after concluding that the plaintiffs had shown a reasonable fear of severe harm based on allegations of death, kidnapping, and imprisonment. *See, e.g.,* Order, *Freites C. v. Petróleos de Venezuela, S.A.*, No. 1:23-cv-00989 (D. Del. Aug. 30, 2024).

The Court finds that Plaintiff's reliance on the District of Delaware order in the Related Action does not satisfy her burden to establish a threat of physical harm in this case. [ECF No. 3 at 3]. The District of Delaware order arose under a different record. Plaintiff has not submitted particularized evidence that she and her family members face a risk of physical harm by bringing this case. *See, e.g.*, *Doe,* 2019 WL 4277045, at *3 (denying motion to proceed anonymously where plaintiff provided no evidence that he personally faced risk of physical harm beyond conclusory and sweeping statements); *but cf.*, *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 638 (M.D. Fla. 2023) (granting motion to proceed anonymously where evidence of actual threats established likelihood of physical violence against plaintiff). Here, Plaintiff's conclusory allegations of risk of harm do not support her request to proceed anonymously on the current record.

Nor does Plaintiff's contention that the defendants here "doxed" pseudonymous litigants in the Related Action alter the analysis. [ECF No. 3 at 3]. CITGO disputes that characterization

and notes that the Court in the Related Action denied repeated requests for relief based on an alleged leak, later finding that the plaintiffs had not established that the defendants violated the sealing order. [ECF No. 10 at 3-4]; *see Freites C. v. Petróleos de Venezuela, S.A.*, No. 1:23-cv-00989-JLH, ECF No. 128 (D. Del. Mar. 7, 2025). CITGO also notes that a separate action in this district arising from the alleged leak was dismissed. *See Freites v. Medina,* No. 25-cv-20465-BLOOM/Elfenbein, 2025 WL 1425491, at *1 (S.D. Fla. May 16, 2025). Accordingly, Plaintiff's asserted "Delaware Leak" is a collateral issue and does not strengthen Plaintiff's showing of a concrete and particularized risk of harm from proceeding in her own name in this case.

Although a court may consider whether a party faces a real threat of physical harm, absent anonymity in determining whether the asserted privacy interest outweighs the presumption of public access, any such privacy interest is diminished where the information at issue is already publicly available. *See In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020); *see also Gawker Media, LLC v. FBI*, 145 F. Supp. 3d 1100, 1107 (M.D. Fla. 2015). Particularly, if the party seeking anonymity was responsible for placing it there. *Id.* That consideration is relevant here because CITGO points to several instances in which Plaintiff's identity, address, and role in PDVSA-related litigation were allegedly already disclosed publicly. [ECF No. 10 at 6]. Specifically, CITGO highlights Plaintiff's public social media activity, a public letter bearing the same address listed in her summons, and a Florida state court suit filed in her own name, each involving issues related to this litigation. [*Id.*]. Accordingly, the Court finds that proceeding under a pseudonym would provide limited additional protection for the privacy interests Plaintiff invokes. *See Butler v. State of Florida*, No. 25-CV-60464-VALLE, ECF No. 14 (S.D. Fla. June 9, 2025).

Based on the totality of the circumstances, the Court finds that Plaintiff has failed to show that this case is an "exceptional circumstance" case warranting anonymity or that his privacy interests outweigh the heavy presumption favoring open juridical proceedings. *See Doe v. Ocean Reef Cnty. Ass'n,* No. 19-CV-10138, 2019 WL 5102450, at *4 (S.D. Fla. Oct. 11, 2019); *Swearingen*, 2019 WL 95548, at *2.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**

1. Plaintiff's Motion, [ECF No. 3], is **DENIED.**

2. This action shall remain under seal for **thirty (30) days** from the date of entry of this Order.

3. On or before that deadline, Plaintiff may file a notice of dismissal, a stipulation of dismissal, or a motion for voluntary dismissal, as permitted by Federal Rule of Civil Procedure 41.

4. If Plaintiff does not timely file one of the dismissal filings identified above in Paragraph 3, the Clerk is **DIRECTED** to unseal this action without further order from the Court.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on this 1st day of April, 2026.

_____
**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Ysidra Lopenza, *pro se*
5440 Mountain Trail
Douglasville, GA 30135; and
Counsel of Record

6